UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Tylco Business Alliance LLC,

                Plaintiff

v.

HJH Investments, Inc.,

                Defendant

Case No. 2:26-cv-00348-CDS-BNW

**Order Granting Defendant's Unopposed Motion to Dismiss and Denying as Moot the Plaintiff's Motion to Remand**

[ECF Nos. 12, 15]

Plaintiff Tylco Business Alliance LLC brings this action against HJH Investments, Inc., asserting statutory securities claims, fiduciary duty claims, and related causes of action arising from investment solicitations. Compl, ECF No. 1-2. HJH removed this action from the Eighth Judicial District Court, Clark County, Nevada on February 11, 2026. Pet., ECF No. 1.

HJH moves to dismiss Tylco's action on four bases: (1) lack of personal jurisdiction; (2) improper venue; (3) failure to state a claim; and (4) an arbitration clause. Mot. to dismiss, ECF No. 12. Any response to the motion to dismiss was due by March 16, 2026. *Id.* The March deadline passed without any response, leaving the motion to dismiss unopposed. On March 14, 2026, Tylco filed a motion to remand based on lack of subject matter jurisdiction and seeks attorney's fees. ECF No. 15 at 2. HJH filed an opposition. Opp'n, ECF No. 16.

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." I apply this rule and deem Tylco's failure to respond to the motion to dismiss as consent to granting of the motion.[1] Because I grant HJH's motion to dismiss, I deny as moot Tylco's motion to remand.

---

[1] I note that having carefully reviewed the defendants' arguments, it appears that this court lacks personal jurisdiction over defendant HJH. "Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 n.8 (9th Cir. 1977)). "When a defendant

Conclusion

IT IS HEREBY ORDERED that the defendant's motion to dismiss **[ECF No. 12]** is **GRANTED**.

IT IS FURTHER ORDERED that the plaintiff's motion to remand **[ECF No. 15]** is **DENIED as moot.**

This case is dismissed without prejudice. The Clerk of Court is kindly directed to close this case.

Dated: April 15, 2026

_____
Cristina D. Silva
United States District Judge

---

moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Nat. Gas Antitrust Litig.)*, 715 F.3d 716, 741 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). Where, as in this case, "no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citations omitted). Nevada's long-arm statute, set forth at NRS 14.065, coincides with federal due process requirements. Those requirements mandate that nonresident defendants have "minimum contacts" with Nevada "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). "[T]he defendant's conduct and connection with the forum [s]tate [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Personal jurisdiction can be either "general" or "specific." *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415–16 (1984). Tylco asserts in its complaint that HJH is a Kansas limited liability company and HJH availed themselves of the privilege of conducting activities in Nevada. ECF No. 1-2 at 6–7, ¶¶ 7, 11. But a plaintiff may not simply rest on the bare allegations of the complaint. *See generally Amba Mktg. Sys. Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). The defendants argue that the plaintiff cannot establish general personal jurisdiction over HJH because it is neither incorporated in Nevada nor maintains its principal place of business in this forum. ECF No. 12 at 6. Specifically, HJH is a Kansas corporation with its principal place of business in Kansas. *Id.* Tylco failed to present any information to the contrary nor responded to the arguments raised by the defendant.